UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANIEL PETER KENNISON, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-188-GSL-AZ |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Nathaniel Peter Kennison, a prisoner without a lawyer, filed a habeas petition challenging his conviction for automobile theft and operating a vehicle while intoxicated in Case No. 44D01-2502-F6-26. Following a guilty plea, on April 29, 2025, the St. Joseph Superior Court sentenced him to a total of two years of incarceration with one year suspended pending a term of probation.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Id.* at 1025-26.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

According to the electronic docket for the State courts, Kennison's direct appeal remains ongoing in Case No. 25A-CR-1015, and he has not initiated State post-conviction proceedings. Consequently, the court finds that Kennison has not exhausted State court remedies. Therefore, the court dismisses the habeas petition without prejudice to refiling once State court remedies have been exhausted.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Kennison has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) DENIES Nathaniel Peter Kennison a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 16, 2025

                                                          s/ Gretchen S. Lund  
                                                          JUDGE  
                                                          UNITED STATES DISTRICT COURT